# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

№ 17-CV-828 (JFB)

SAMUEL OSUJI,

Appellant,

VERSUS

U.S. BANK, NATIONAL ASSOCIATION,

Appellee.

**MEMORANDUM AND ORDER**
January 26, 2018

JOSEPH F. BIANCO, District Judge:

Samuel Osuji ("appellant") appeals from an order entered by the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court" or the "court"). In an opinion dated February 10, 2017 (the "February 10, 2017 Order"), the Honorable Alan S. Trust denied the motion for default judgment appellant filed in an adversary proceeding against appellee U.S. Bank National Association ("U.S. Bank"),[1] as trustee for SG Mortgage Securities Trust 2006-FRE2, Asset Backed Trust (the "Trust").

Appellant moved for a default judgment on May 2, 2016 after appellee failed to timely answer. Appellee appeared in the adversary proceeding on September 12, 2016, and filed

---

[1] Appellant's adversary proceeding against U.S. Bank, 16-8044-ast, was one of five such proceedings appellant filed in Bankruptcy Court, all in connection with appellant's chapter 7 bankruptcy action, *In re Osuji*, Bankr. E.D.N.Y., Case No. 15-75534-ast. Judge Trust issued an abstention order in three of the other adversary proceedings. Appellant appealed this order, and the appeals from these three proceedings were consolidated in *Osuji v. HSBC Bank, U.S.A., Nat'l Ass'n, et al.*, E.D.N.Y., Case Nos. 17-cv-0822, 17-cv-0829, 17-cv-0831. Any reference to an adversary proceeding in this opinion, however, is to the adversary proceeding against U.S. Bank, 16-8044-ast.

Additionally, for the purposes of the appeal of the February 10, 2017 Order in this case, the Court need not discuss appellant's other related actions. For reference, however, the facts of appellant's chapter 7 bankruptcy action and the other adversary proceedings are discussed at length in the Court's opinion issued today in the consolidated appeal. *See Osuji v. HSBC Bank, U.S.A., Nat'l Ass'n, et al.*, E.D.N.Y., Case Nos. 17-cv-0822, 17-cv-0829, 17-cv-0831.

a motion seeking to vacate any perceived default and to set timeframes to respond to the complaint (the "Motion to Extend") on September 21, 2016, before the Clerk of the Court had entered a default. The Bankruptcy Court considered multiple criteria in considering appellant's motion for default judgment, and determined that appellee had participated in the action and that appellee's default was not willful.

Because this Court concludes that appellant's claim fails to meet the standard governing appeals of bankruptcy courts' interlocutory orders, the Court concludes that an interlocutory appeal of the February 10, 2017 Order is unwarranted in this case.

## I. BACKGROUND

The Court assumes the parties' familiarity with the full facts and procedural history of this action and summarizes the facts and history relevant to the instant appeal based on the record in the underlying Bankruptcy Court proceeding and in the instant appeal.

A. Motion for Default Judgment in the Adversary Proceeding

Appellant filed the adversary proceeding against U.S. Bank on March 28, 2016. (AP Dkt. No. 1.)[2] Appellee failed to timely answer by April 27, 2016, and appellant moved for default judgment on May 2, 2016. (AP Dkt. Nos. 2, 3.) Appellant filed a certificate of service of the motion for default judgment on May 31, 2016. (AP Dkt. No. 4.) This certificate specifies that service was effectuated by mail to U.S. Bank, and that the mail was sent to "Floor 1." (*Id.* at 2.) Appellant included an address for U.S. Bank, but did not name or designate an officer of U.S. Bank in the certificate of service. (*Id.*) The trustee in appellant's chapter 7 action[3] appeared in the adversary proceeding on August 9, 2016 (AP Dkt. No. 10), and Wells Fargo Bank, N.A. ("Wells Fargo"), as servicer of the relevant loan, appeared for appellee on September 12, 2016 (AP Dkt. No. 11).

Appellee filed its Motion to Extend on September 21, 2016. (AP Dkt. No. 12.) Appellant's objections to the Motion to Extend were due on November 8, 2016. (*Id.*) Appellant filed a cross-motion for default judgment in opposition to the Motion to Extend—which included a proposed order granting the entry of default judgment, but no memorandum of law—on December 15, 2016 (AP Dkt. No. 15), another cross-motion in opposition to the Motion to Extend—this time including a memorandum of law—on December 27, 2016 (AP Dkt. No. 16), and an amended motion for a hearing in opposition to the Motion to Extend on December 30, 2016 (AP Dkt. No. 17). Wells Fargo filed an affirmation in opposition to appellant's opposition on January 17, 2017. (AP Dkt. No. 19.) Appellant filed a reply on January 27, 2017. (AP Dkt. No. 20.)

B. Bankruptcy Court's February 10, 2017 Order

The Bankruptcy Court issued its order on February 10, 2017, denying appellant's motion for default judgment. (AP Dkt. No. 19.) The Bankruptcy Court noted that the Clerk of the Court had not entered a default. (AP Dkt. No. 21 at 3.) The Bankruptcy Court explained that the decision to grant a motion for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure was

---

[2] References to the docket in the adversary proceeding are cited as "AP Dkt. [docket number]." References to the docket in the instant appeal are cited as "ECF [docket number]."

[3] *See supra* note 1 for additional details.

within the court's discretion, and listed the factors the Second Circuit has established for courts to consider when deciding whether to relieve a party from a default or default judgment. (*Id.*) The court determined that, first, in light of appellee's participation in the action by filing its Motion to Extend and its January 17, 2017 opposition, there had not been a willful default. (*Id.*) The court also based its decision to deny appellant's motion on the Second Circuit's stated preference for courts to resolve cases on their merits, as well as the "amount of activity in Debtor's bankruptcy case, which appears predominantly to seek to shift long running disputes under state law from the State Court to this Court." (*Id.* at 3-4.) The court concluded that, under these circumstances, it was "not willing to employ the extreme sanction of entering a default judgment." (*Id.* at 4.)

C. Appeal

Appellant filed his notice of appeal of the February 10, 2017 Order on February 13, 2017. (ECF No. 1.) This Court received the Bankruptcy Record on March 30, 2017. (ECF No. 6.) Appellant filed his brief on April 13, 2017. (ECF No. 7.) Appellee filed its opposition brief on June 19, 2017. (ECF No. 10.) Appellant filed his reply brief on July 5, 2017. (ECF No. 13.) The Court has fully considered the parties' submissions.

II. STANDARD OF REVIEW

This Court has jurisdiction to hear appeals from bankruptcy courts under 28 U.S.C. § 158(a), which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . [and] with leave of the court, from other interlocutory orders and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a). Part VIII of the Federal Rules of Bankruptcy Procedure outlines the procedure governing such appeals. Fed. R. Bankr. P. 8001.

The decision as to whether to grant leave to appeal an interlocutory order of a bankruptcy court is committed to the discretion of the district court. *See In re Kassover*, 343 F.3d 91, 94 (2d Cir. 2003). It is well settled that the relevant standard set forth in 28 U.S.C. § 1292(b), which governs interlocutory appeals from United States District Courts to the United States Courts of Appeals, governs such appeals. *McKenzie-Gilyard v. HSBC Bank Nev., N.A.*, No. 08-CV-0160 (SLT), 2008 WL 2622931, at *2 (E.D.N.Y. July 1, 2008); *In re Quigley Co.*, 323 B.R. 70, 77 (S.D.N.Y. 2005) ("[C]ourts in this Circuit have invariably held[] all appeals governed by Section 158(a)(3) . . . should refer to the standards articulated by Section 1292(b) to determine whether leave to appeal shall be granted." (citation omitted)). Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). Accordingly, appellant's motion can only be granted if he establishes that "the order (1) involves a controlling question of law (2) as to which there is a substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *McKenzie-Gilyard*, 2008 WL 2622931, at *2 (citation omitted). The first prong, requiring a controlling question of law, is satisfied where "reversal of the bankruptcy court's order would (1) terminate the action or (2)

3

materially affect the outcome of the litigation." *Buckskin Realty Inc. v. Greenberg*, 552 B.R. 40, 44 (E.D.N.Y. 2016) (citation omitted). The second prong, requiring a substantial ground for difference of opinion, is satisfied where "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *Id.* (citation omitted); *In re Citigroup Pension Plan ERISA Litig.*, No. 05 Civ. 5296(SAS), 2007 WL 1074912, at *2 (S.D.N.Y. Apr. 4, 2007) (citation omitted). The third prong, assessing whether an appeal would materially advance termination of the litigation, is satisfied where the "appeal promises to advance the time for trial or to shorten the time required for trial." *Buckskin Realty Inc.*, 552 B.R. at 44 (citation omitted).

In addition, because "interlocutory appeals are strongly disfavored in federal practice," appellants bear the burden of showing that "exceptional circumstances" exist that warrant an interlocutory appeal, to "justify a departure from the basic policy of avoiding appellate review until a final decision on the merits." *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2008 WL 361082, at *1 (S.D.N.Y. Feb. 11, 2008).

III. DISCUSSION

Appellant argues that the Bankruptcy Court committed an error of law in denying his motion for default judgment because appellee Wells Fargo did not submit evidence in support of its claim that it is the servicer of U.S. Bank, and therefore failed to establish that it was a party-in-interest entitled to relief. (ECF No. 7 at 6, 9.)[4] For the following reasons, after applying the above-referenced standard governing appeals of bankruptcy courts' interlocutory orders, the Court concludes that an interlocutory appeal is unwarranted under the circumstances of this case.

At first glance, appellant's claim satisfies the standard for a controlling question of law under the first prong of the test: a reversal of the Bankruptcy Court's February 10, 2017 Order would terminate the action, and, thus, appellant's claim would be found to raise a controlling question of law by this metric. However, the first prong of the test for whether a district court should grant an interlocutory appeal from a bankruptcy court's order also requires the question of law to be a "pure" question of law, which "the reviewing court 'could decide quickly and cleanly without having to study the record.'" *Stone v. Patchett*, No. 08-CV-5171(RPP), 2009 WL 1544650, at *2 (S.D.N.Y. June 3, 2009) (quoting *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 371 (S.D.N.Y. 2008)); *see also Buckskin Realty Inc.*, 552 B.R. at 44; *S.E.C. v. First Jersey Sec., Inc.*, 587 F. Supp. 535, 536 (S.D.N.Y. 1984) (holding that where an appeal "would necessarily present a mixed question of law and fact, [and] not a controlling issue of pure law," the district court's order was "not appropriate for certification pursuant to 28

---

[4] Appellant included two "Issues Presented" in his brief (ECF No. 7 at 6) and six issues presented in his reply brief (ECF No. 13 at 7). The Court addresses whether interlocutory appeal is warranted for the issues presented in appellant's first brief, which asks whether the Bankruptcy Court committed an error of law, or an abuse of discretion, in denying appellant's motion for default judgment (and his oppositions to the Motion to Extend), where the objecting party was not a party-in-interest entitled to relief. (ECF No. 7 at 6.) However, the Court need not examine whether interlocutory appeal is warranted for the additional issues raised in the reply brief. As a threshold matter, it is procedurally improper for appellant to raise new issues in his reply brief. In addition, the other issues raised in the reply brief were not the subject of the February 10, 2017 Order and, thus, do not raise grounds for appeal. Finally, to the extent appellant may be challenging the jurisdiction of the Bankruptcy Court, appellant has failed to demonstrate that the Bankruptcy Court lacks jurisdiction.

U.S.C. § 1292(b)"). For the following reasons, this Court concludes that appellant's claim fails to raise a "pure" question of law.

Appellant argues that the Bankruptcy Court's decision denying default judgment was "erroneous, and an abuse of discretion, because Wells Fargo did not demonstrate, by any documentary evidence, that it is the servicer of U.S. Bank National Association." (ECF No. 7 at 5.) Appellant's challenge—asking the Court to determine whether Wells Fargo submitted sufficient evidence that it was the servicer for and, thus, could respond as party-in-interest for U.S. Bank, and thereby avoid the default judgment—on its face raises mixed questions of law and fact. Appellant's claim, therefore, does not satisfy the first requirement for granting a motion for an interlocutory appeal.

As discussed *supra*, the second requirement of this test, which asks whether there is "substantial ground for difference of opinion" as to the legal issues presented, may be met when "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *Buckskin Realty Inc.*, 552 B.R. at 44. Courts in this circuit have clarified that "merely claiming that a court's decision was incorrect is insufficient to establish substantial ground for difference of opinion." *Id.*; *In re Citigroup Pension Plan ERISA Litig.*, 2007 WL 1074912, at \*2 (quoting *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams.*, 426 F. Supp. 2d 125, 129 (S.D.N.Y. 2005)). Here, the Court concludes that there is nothing novel or complex about the issues that appellant wishes to raise in the interlocutory appeal; rather, appellant merely asserts that the Bankruptcy Court's decision to deny the motion for default judgment was incorrect. *See Buckskin Realty Inc.*, 552 B.R. at 45 ("There is no substantial ground for a difference of opinion on the correct standard for the entry of a default judgment or that the bankruptcy court properly applied that standard."). Courts routinely permit servicers to file against debtors. *See, e.g.*, *In re Conde-Dedonato*, 391 B.R. 247, 250 (Bankr. E.D.N.Y. 2008) ("A servicer of a mortgage is clearly a creditor and has standing to file a proof of claim against a debtor pursuant to its duties as a servicer."). Here, the Bankruptcy Court accepted Wells Fargo's appearance as servicer on behalf of U.S. Bank. (AP Dkt. No. 21 at 1-2, 4.) The Bankruptcy Court then analyzed the correct factors, as set forth by the Second Circuit, in arriving at its discretionary decision to deny the motion for default judgment pursuant to Rule 55. (AP Dkt. No. 21 at 2-4.) Nothing further complicated the legal issues presented. Thus, the second requirement is not satisfied.

For purposes of this analysis, the Court assumes *arguendo* that appellant could meet the third requirement—namely, if his appeal were to succeed and a default judgment was entered, it would materially advance the ultimate termination of the litigation. However, the Court still finds that, applying the standard governing interlocutory appeals of bankruptcy orders and finding that the first two prongs were not satisfied, an interlocutory appeal is unwarranted. *See Buckskin Realty Inc.*, 552 B.R. at 45-46 (finding appeal of an order denying a motion for default judgment not warranted even where "[t]he third prong might be met since a default judgment could speed the resolution of the adversarial proceeding," and noting that "speed might well increase the chance of error").

Finally, in its discretion, the Court concludes that appellant has failed to show the exceptional circumstances required for an interlocutory appeal. Appellee argues that this case is not one in which appellant will be prejudiced, as "[he] will not be deprived of his day in court, and he has not changed his

5

position in any cognizable way." (ECF No. 10 at 32.) This Court agrees and concludes that neither prejudice to appellant nor any other factor serves as an exceptional circumstance warranting an interlocutory appeal. The Bankruptcy Court's February 10, 2017 Order that appellant seeks to challenge, denying the motion for a default judgment, is no different from decisions that lower courts make on a routine basis. Allowing interlocutory appeals in these ordinary situations would result in potentially lengthy delays to litigation and disruption of the bankruptcy process, and would burden the appellate court with a multiplication of piecemeal appeals. Thus, no exceptional circumstances exist for an interlocutory appeal in this case.

## IV. CONCLUSION

For the foregoing reasons, the Court denies appellant's motion for leave to appeal the Bankruptcy Court's February 10, 2017 Order denying appellant's motion for default judgment.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: January 26, 2018
      Central Islip, New York

\*\*\*

Appellant is proceeding *pro se*. Appellees are represented by Dennis Jose and Ehret Anne Van Horn of Gross Polowy, LLC, 1775 Wehrle Drive, Suite 100, Williamsville, New York 14221, and Cameron Everett Grant and Chava Brandriss of Hogan Lovells U.S. LLP, 875 Third Avenue, New York, New York 10022.